UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| NOE BAROCIO, SALVADOR BAROCIO, AND CINDY CONYBEAR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>YINGLI GREEN ENERGY HOLDING COMPANY LIMITED, LIANSHENG MIAO, YIYU WANG, AND ZONGWEI "BRYAN" LI,<br><br>Defendants. | **Case No. 2:15-cv-04003-ODW(MRWx)**<br>**[c/w: 2:15-cv-04600-ODW (MRWx)]**<br><br>**ORDER AND FINAL JUDGMENT**<br><br>Date: December 10, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5D, 5th Floor<br>Judge: Hon. Otis D. Wright, II |
|---|---|

On December 10, 2018, a hearing was held before the Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 11, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Yingli Green Energy Holding Company Limited ("Defendant" or "Yingli"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notices substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Class Members, and the Defendant.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent

the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies as a settlement class all persons who purchased or otherwise acquired Yingli American Depository Shares during the period from December 2, 2010, through and including May 15, 2015, and were damaged thereby. Excluded from the Settlement Class are: (i) Yingli; (ii) current and former officers and directors of Yingli and of any other Released Party; (iii) parents, spouses, or children living in the household of any person excluded under (i) or (ii) above; (iv) any legal entity more than 50% owned by any person excluded under (i) and (ii) above; (v) the heirs, successors and assigns of any person excluded under (i) and (ii) above; and (vi) any valid opt-outs.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Counsel previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

6. The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided

for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Plaintiffs and Defendant are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. Plaintiffs' Complaint against Defendant is hereby dismissed with prejudice and without costs.

9. Plaintiffs and the Settlement Class Members hereby release and forever discharge the Released Parties from any and all Settled Claims. Plaintiffs and the Settlement Class members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties, as set forth in the Stipulation.

10. Defendant, including any and all of its successors in interest or assigns, hereby releases and forever discharges any and all Settled Claims, to the extent they relate to the subject matter of this Litigation or its prosecution thereof, against the Plaintiffs, any of the Settlement Class Members, and any of their counsel, including Class Counsel.

11. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:
   a. referred to or used against the Released Parties or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;
   b. construed against the Released Parties or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;
   c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or
   d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

14. Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulations, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of Attorneys' Fees and Expenses.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in M.7 in the Stipulation), and the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

19. Plaintiffs' Counsel is hereby awarded the sum of $300,000 in attorneys' fees and $54,685.07 in reimbursement of costs and expenses, together with a proportionate share of any interest earned on the Settlement Fund, which amounts the Court finds fair and reasonable. This attorneys' fee and expense award shall be paid to Plaintiffs' Counsel pursuant to the terms of the Stipulation.

//
//
//
//
//
//
//

20. Plaintiffs Noe and Salvador Barocio and Cindy Conybear are hereby awarded $5,000 each for a total of $15,000 for an incentive fee award and reimbursement for their lost time in connection with their prosecution of this action. The Award to Plaintiffs shall be paid to Plaintiffs pursuant to the terms of the Stipulation.

**IT IS SO ORDERED.**

December 20, 2018

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**